UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PIANTONI GOREA,                          :
                                         :
          Petitioner,                    :    No. 4:CV-06-1089
                                         :
     vs.                                 :    Petition Filed 04/19/06
                                         :
JOHN ASHCROFT and JAMES ZIGLAR,          :    (Judge Muir)
                                         :
          Respondents                    :    (Magistrate Judge Blewitt)

## ORDER

July 13, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Petitioner Piantoni Gorea is a native and citizen of Romania currently in the custody of the United States government at the York County Prison based upon the issuance of a final order to deport him to his native country.  In his habeas petition, Gorea requests a stay of his removal and he seeks to defer his removal from the United States pursuant to the United Nations Convention Against Torture.  On April 19, 2006, Gorea filed in the United States District Court for the District of Columbia the above-captioned petition for writ of habeas corpus.  Gorea also filed an application to proceed in forma pauperis in that court.  By order dated April 19, 2006, the matter was transferred to this court.

The Clerk of Court assigned this case to us and referred it to Magistrate Judge Blewitt for processing.  On June 16, 2006,

the Magistrate Judge issued a report recommending that the petition be denied because we do not have jurisdiction over the claim asserted in Gorea's petition.  Magistrate Judge Blewitt reached that conclusion after preliminarily reviewing the file and before requiring service of Gorea's petition upon the Respondents.

The time allowed for Gorea to file objections to the Report and Recommendation expired on July 3, 2006.  To this date no objections have been filed.  Magistrate Judge Blewitt's Report and Recommendation is ripe for disposition.  When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate. Thomas v. Arn, 474 U.S. 145, 151-52 (1985).

As a threshold matter, we will grant Gorea's application to proceed in forma pauperis strictly for the purposes of this order.

The REAL ID Act of 2005 provides that the Court of Appeals possessing jurisdiction over the initial administrative immigration proceedings is the proper forum in which to raise claims based on the Convention Against Torture. REAL ID Act, § 106(a)(1).[1]  The Court of Appeals for the Third Circuit has commented that

---

1.  To be codified at 8 U.S.C. § 1252(a)(5).

2

> [s]ection 106(a) of the REAL ID Act, ..., amended 8 U.S.C. §
> 1252(a)(2) of the [Immigration and Nationality Act] by
> eliminating the district courts' habeas corpus jurisdiction
> (28 U.S.C. §§ 2241, 1361 and 1651) over final orders of
> removal in nearly all cases. Consequently, a petition for
> review filed in the appropriate court of appeals "is [now]
> the sole and exclusive means for judicial review of any
> cause or claim under the United Nations Convention Against
> Torture and Other Forms of Cruel, Inhuman, or Degrading
> Treatment or Punishment, except as provided in subsection
> (e) of this section." REAL ID Act § 106(a)(1)(B), 8 U.S.C. §
> 1252(a)(4).

Francois v. Gonzales, 448 F.3d 645, 647 (3d Cir. 2006).  None of

the exceptions set forth in the statute apply in this case.

It is clear that the claim raised in Gorea's habeas corpus

petition may be heard only by the Court of Appeals for the Third

Circuit.  Our lack of jurisdiction over the substantive merits of

Gorea's petition also precludes us from granting his request to

stay his removal pending a review of has habeas claim.  The

conclusions we have reached thus far mirror those that we made in

two prior habeas corpus petitions filed by Gorea and handled in

this court. *See* Gorea v. United States District Court for the

Northern District of California, Nos. 4:CV-06-625, 4:CV-06-0804.

The final action taken in those two prior consolidated

habeas petitions was the transfer of the cases to the United

States Court of Appeals for the Third Circuit.  Such a transfer

was possible because those habeas corpus petitions had been filed

before the effective date of the amendments cited above in the

REAL ID Act.

Gorea's instant habeas petition is in a different procedural posture because it was filed after the effective date of those amendments.  At this point transferring Gorea's petition to the Court of Appeals for the Third Circuit is not an option.  Our lack of jurisdiction over Gorea's habeas petition now requires dismissal of the petition without prejudice to Gorea's ability to pursue relief in the appropriate forum.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Gorea's application to proceed in forma pauperis is granted strictly for the purposes of this order.

2. Gorea's request to stay his removal is denied.

3. Magistrate Judge Blewitt's report and recommendation is adopted *in toto*.

4. Gorea's habeas corpus petition is dismissed without prejudice for lack of jurisdiction.

5. The Clerk of Court shall close this case.

6. Any appeal from this order will be deemed lacking in probable cause and a certificate of appealability will

not issue.

s/Malcolm Muir
MUIR, U. S. District Judge

MM:ga